**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Robert Deal, Jr., #301062, Appellant,

v.

South Carolina Department of Corrections, Respondent.

Appellate Case No. 2025-001166

_____

Appeal From The Administrative Law Court
S. Phillip Lenski, Administrative Law Judge

_____

Unpublished Opinion No. 2026-UP-213
Submitted April 1, 2026 – Filed May 6, 2026

_____

**AFFIRMED**

_____

Robert Deal, Jr., pro se.

Christina Catoe Bigelow, of the South Carolina
Department of Corrections, of Columbia, for Respondent.

_____

**PER CURIAM:** Robert Deal, Jr., pro se, appeals a decision from the Administrative Law Court (ALC) dismissing his appeal, which stemmed from a determination by the South Carolina Department of Corrections (SCDC) that he was not entitled to be paid pursuant to the prevailing wage statute[1] for work he

---

[1] S.C. Code Ann. § 24-3-430(D) (2025).

performed while incarcerated. On appeal, Deal argues the ALC erred in dismissing his appeal because his work fell under the prevailing wage statute. We affirm pursuant to Rule 220(b), SCACR.

We hold substantial evidence supports the ALC's finding that Deal failed to show the deprivation of a state-created liberty or property interest because evidence in the record did not indicate Deal performed the work at issue pursuant to a non-profit organization or private entity. Accordingly, the ALC properly dismissed Deal's appeal. *See Buchanan v. S.C. Dep't of Prob., Parole, & Pardon Servs.*, 442 S.C. 393, 401, 899 S.E.2d 600, 605 (Ct. App. 2023) (explaining this court may reverse or modify the decision of the ALC "only if substantive rights of the appellant have been prejudiced because the decision is clearly erroneous in light of the reliable and substantial evidence on the whole record, arbitrary or otherwise characterized by an abuse of discretion, or affected by other error of law"); *Allen v. S.C. Dep't of Corr.*, 439 S.C. 164, 169, 886 S.E.2d 671, 673 (2023) ("[A]n inmate must allege the denial of a state-created liberty interest to be entitled to relief for the denial of his due process rights."); S.C. Code Ann. § 24-3-430(A) (Supp. 2025) (allowing the SCDC director to "establish a program involving the use of inmate labor by a nonprofit organization or in private industry for the manufacturing and processing of goods, wares, or merchandise or the provision of services or another business or commercial enterprise"); § 24-3-430(D) ("No inmate participating in the program may earn less than the prevailing wage for work of similar nature in the private sector."); S.C. Code Ann. § 24-1-295 (2025) (stating SCDC may "negotiate the wage to be paid for inmate labor provided under prison industry service work contracts and export work contracts, and these wages may be less than the prevailing wage for work of a similar nature in the private sector").

**AFFIRMED.**[2]

**GEATHERS, HEWITT, and CURTIS, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.